UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| HASSAN MUSTAPHA, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-08-1649 |
| | : | |
| JANINE DONATE, WARDEN, | : | (Judge McClure) |
| | : | |
| Respondent | : | |

## MEMORANDUM

September 9, 2008

## Background

This *pro se* "writ of habeas corpus"  was filed by Hassan Mustapha

("Petitioner"), an inmate presently confined in the Lackawanna County Prison,

Scranton, Pennsylvania.  Record document no. 1, p. 1.  Petitioner's action will be

construed as a habeas corpus petition under 28 U.S.C.§ 2241.  Mustapha  has not paid

the required filing fee and a request for leave to proceed *in forma pauperis* has not

been submitted.   For the reasons set forth below, Mustapha's petition will be

dismissed as meritless.[1]

Named as Respondent is Warden Janine Donate of the Lackawanna County

---

1.   Petitioner will be granted temporary *in forma pauperis* status for the sole purpose
of the filing of this matter.

Prison.  Mustapha states that he is the subject of an ongoing federal criminal prosecution in this district.  *See United States v. Mustapha*, Case No. 3:07-CR-341.

Mustapha's present action challenges his ongoing pre-trial detention on the basis that "he has been held an unlawful amount of time without a hearing."  Doc. 1,  ¶ 5.  He also contends that he has been denied opportunity to review the minutes of the grand jury proceeding which led to his federal indictment and that an informant and investigative officials provided false information against him.

As relief, Mustapha requests that Respondent be ordered to show cause as to "why he is being detained against the lawful protections guaranteed him" under the Constitution.  *Id*. at p. 1.

**<u>Discussion</u>**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).  *See, e.g.*, *Mutope v. Pennsylvania Board of Probation and Parole*, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.).  Rule 4 is applicable to § 2241 petitions under Rule 1(b).  *See, e.g.*, *Patton v. Fenton,* 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition

itself. . . ." *Gorko v. Holt*, 2005 WL 1138479 *1 (M.D. Pa. May 13, 2005) (McClure, J.)(quoting *Allen v. Perini*, 424 F.2d 134,141 (6th Cir. 1970)).

It is undisputed that Mustapha has not yet been convicted or even tried of the federal criminal offenses underlying this action. Moreover, a review of the docket indicates that a hearing on Petitioner's request for bail has been scheduled for September 15, 2008 and his trial is presently scheduled to begin on October 27, 2008.

The Court of Appeals for the Third Circuit has stated "that simply being indicted and forced to stand trial is not generally an injury for constitutional purposes but is rather one of the painful obligations of citizenship." *Stolt-Nielsen, S.A. v. United States*, 442 F.3d 177, 184 (3d Cir. 2006) (internal citation omitted). In *Stolt-Nielsen,* the Third Circuit Court of Appeals noted that an action, such as the present matter, should not be entertained where the applicant has an available forum in which to assert his defenses to federal criminal charges. *See id.* at 185; *Deaver v. Seymour*, 822 F.2d 66, 69-70 (D.C. Cir. 1987). Mustapha clearly has an available and adequate remedy at law. Specifically, the Petitioner may raise his present arguments and request for pre-trial release in his ongoing federal criminal proceedings.

Moreover, even if convicted of the pending federal criminal charges, Petitioner's remedy would be to pursue a direct appeal, and if not successful therein, to then seek collateral relief under 28 U.S.C. § 2255. It is simply not appropriate at this juncture for this Court to entertain Petitioner's challenges to the legality of his ongoing federal criminal prosecution and pre-trial detention via a § 2241 habeas corpus petition. There is nothing to suggest that Mustapha cannot litigate the merits of his present allegations in his ongoing federal prosecution, or thereafter before the Court of Appeals. Furthermore, his present request for pre-trial release can be raised

3

during his bail hearing which is scheduled for next week.  The petition for writ of habeas corpus will be denied without prejudice.  An appropriate Judgment will enter.


 s/James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


HASSAN MUSTAPHA,                      :
                                      :
                  Petitioner          :
                                      :
            v.                        :      CIVIL NO. 4:CV-08-1649
                                      :
JANINE DONATE, WARDEN,                :
                                      :      (Judge McClure)
                  Respondent          :


### ORDER

September 9, 2008


In accordance with the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1.    Petitioner is granted leave to proceed *in forma pauperis* for the sole purpose of the filing of this action.

2.    Mustapha's habeas corpus petition is DISMISSED WITHOUT PREJUDICE.

3.    The Clerk of Court is directed to CLOSE the case.

4.    Based on the Court's determination herein, there is no basis for the issuance of a Certificate of Appealability.

 s/James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge